IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00120-MR

| | | |
|---|---|---|
| OSCAR PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FNU HUNEYCUTT, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. Also pending are Plaintiff's Request for a Preliminary Injunction [Doc. 8] and Motion for Case Status Update [Doc. 9]. The Plaintiff has paid the filing fee in full. [See Doc. 7].

**I.    BACKGROUND**

The pro se Plaintiff, who describes himself as "an Indiana inmate housed in North Carolina pursuant to the Interstate Corrections Compact (ICC)," filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing Standard Operating Procedure (SOP) .0458(7), titled "Offender Tablet Program," which prohibits the use of profanity in inmate emails at the Alexander Correctional Institution and makes violations punishable with

disciplinary sanctions.[1] [Doc. 1 at 2-3]. He asserts § 1983 claims for violations of the First and Fourteenth Amendments of the U.S. Constitution, and he asks the Court to exercise supplemental jurisdiction over claims pursuant to Indiana and North Carolina law.[2] [See id. at 3-4].

He names as Defendants FNU Huneycutt, the Alexander CI warden and "Facility Management." [Id. at 2, 7]. As injury, he claims that his interests in freedom of expression, society, and culture are being suppressed; that he has lost "ease of communication;" and that his expression may result in his placement in restricted housing. [Id. at 7]. He seeks a declaratory judgment; injunctive relief; compensatory, nominal, and punitive damages; and a jury trial. [Id. at 7-8].

## II. STANDARD OF REVIEW

"Notwithstanding any filing fee ... that may have been paid," the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner

---

[1] According to the Plaintiff, Alexander CI received a GTL tablet system in June 2021, which allows inmates and their family and friends to email each other for a fee. [Doc. 1 at 5].

[2] He cites, *inter alia*, the Indiana and North Carolina Interstate Corrections Compacts, Ind. Code § 11-8-4-8 and N.C. Gen. Stat. § 148-120, respectively.

seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Parties

The Plaintiff purports to name "Facility Management" at Alexander CI as a Defendant. However, a prison department is not a "person" and thus cannot be sued under § 1983. See generally Will v. Michigan Dep't of State Police, 491 U.S. 58, 70–71 (1989). Accordingly, the claims against "Facility Management" are dismissed with prejudice.

### B. Free Speech

The First Amendment prohibits states from "abridging the freedom of speech." U.S. Const. Amend. I; see U.S. Const. Amend XIV. Convicted prisoners generally retain their First Amendment rights that are not inconsistent with his status as a prisoner, or with the legitimate penological objectives of the correctional system. Pell v. Procunier, 417 U.S. 817, 822 (1974). This includes the right to "communicate with others beyond the prison walls." Heyer v. U.S. Bureau of Prisons, 849 F.3d 202, 213 (4th Cir. 2017). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987); see also Thornburgh v. Abbott, 490 U.S. 401 (1989).

The Plaintiff claims that Defendant Huneycutt developed and is enforcing SOP .0458(7); that this regulation does not advance any

4

penological interest; and that the regulation chills speech by threatening disciplinary action for its violation. [Id. at 5-7]. Taking the allegations as true for the purposes of initial review, and construing all inferences in the Plaintiff's favor, the Court concludes that the Plaintiff's First Amendment claim passes initial review against Defendant Huneycutt as not clearly frivolous. The question of whether these facts raise any First Amendment issues is not frivolous and warrants a response from the Defendant.

**C.     Due Process**

The Fourteenth Amendment provides that no "State [shall] deprive any person of life, liberty, or property, without due process of law…." U.S. Const. Amend. XIV, § 1. A decision to censor or withhold inmate *mail* must be accompanied by "minimum procedural safeguards," i.e., notice and a reasonable opportunity to appeal to a disinterested prison official. Procunier v. Martinez, 416 U.S. 396, 418 (1974), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989).

The Plaintiff claims that, through SOP .0458(7), Defendant Huneycutt is rejecting and censoring emails without notice or the opportunity to appeal. [Doc. 1 at 3, 7]. Taking the allegations as true for the purposes of initial review, and construing all inferences in the Plaintiff's favor, the Court

5

concludes that the Plaintiff's due process claim passes initial review against Defendant Huneycutt as not clearly frivolous.

### D. Pending Motions

The Plaintiff's Motion for a case status update [Doc. 9] is denied as moot because the Clerk mailed the Plaintiff a copy of the docket sheet in response to his Motion.

Finally, the Plaintiff moves for preliminary injunctive relief. [Doc. 8]. He asks the Court to prevent him from being charged with a disciplinary infraction for emails that his friends and family may exchange with him that include profanity, or which is not supported by an adequate safety or security justification, and grant him any other relief that is appropriate. [Id. at 1, 3]. He claims that the Defendant will not be burdened if he must refrain from punishing inmates for using profanity pursuant to the SOP. [Id. at 2-3].

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531,

542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Id. at 20. The Plaintiff has not established any of the elements that would warrant preliminary injunctive relief. Therefore, this Motion is denied.

## IV. CONCLUSION

The Complaint passes initial review against Defendant Huneycutt as discussed in this Order, and the claims against "Facility Management" are dismissed with prejudice.[3] The Plaintiff's Motion for Preliminary Injunction is denied and the Motion for Case Status update is denied as moot.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint has passed initial review against Defendant Huneycutt on the Plaintiff's § 1983 claims, and the Court exercises

---

[3] The Court will also allow Plaintiff's claims under Indiana and North Carolina law based on the same conduct to pass initial review at this early stage of the proceeding. See 28 U.S.C. § 1367.

supplemental jurisdiction over the related claims under Indiana and North Carolina law.

2. The claims against "Facility Management" are **DISMISSED WITH PREJUDICE**.

3. **IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Huneycutt, who is alleged to be a current or former employee of the North Carolina Department of Public Safety.

The Clerk is respectfully instructed to mail the Plaintiff an Opt-In/Opt-Out form pursuant to Standing Order 3:19-mc-00060-FDW.

**IT IS SO ORDERED**.

Signed: January 20, 2023

_____
Martin Reidinger
Chief United States District Judge