IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00120-MR

| | |
|---|---|
| OSCAR PEREZ, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>RONNIE HUNEYCUTT, et al., )<br>)<br>    Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's pro se Motion to Compel Discovery [Doc. 30].

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing a prison policy that prohibits the use of profanity in inmate emails at the Alexander Correctional Institution. [Doc. 1]. The Complaint passed initial review against Alexander CI Warden Ronnie Huneycutt for alleged violations of the Plaintiff's First and Fourteenth Amendment free speech and due process rights. [See Doc. 11]. The Defendant was served and filed an Answer, and the Court entered a Pretrial Order and Case Management Plan that set the discovery cutoff date as November 6, 2023, and made dispositive motions due by December 4, 2023. [Docs. 17, 22]. The Court subsequently extended the deadline to complete

discovery until December 6, 2023, and to file dispositive motions until January 3, 2024. [Nov. 14, 2023 Text-Only Order].

On November 7, 2023, the Plaintiff filed the instant Motion to Compel. [Doc. 30]. He asserts that the Defendant did not respond to all of his requests for admissions and interrogatories and failed to produce the Plaintiff's electronic communications that were censored at Alexander CI. With respect to the electronic communications, the Plaintiff's request for production seeks: "All the copies of any and all censored and denied E-mail communications that were made on the plaintiff's E-mail communications, including messages and pictures at Alexander CI from 2021-2023, and all documents related to the reason of such denials." [Doc. 30-1 at 7, #6]. The Defendant objected to this request as "vague and ambiguous in that it uses the term 'email' because inmates do not send or receive emails, but instead messages through a secure application on a tablet." [Doc. 31-1 at 12]. The Defendant nevertheless stated that the Plaintiff's "blocked messages" would be produced without waiving these objections. [Id.]. Defendant noted that the blocked messages are in "original" form except insofar as addresses and phone numbers had been redacted at NCDAC's request. [Id.].

The Defendant argues that the Motion to Compel should be denied because: it fails to comply with the Court's Local Rules; the Plaintiff failed to

meet and confer as required by Rule 37; the Plaintiff failed to specify the allegedly deficient responses to his interrogatories and requests for admissions, and the Defendant has answered each of the Plaintiff's requests; and the Plaintiff's electronic messages that were inadvertently omitted from the Defendant's production of documents have now been produced. [Doc. 31 (Response); Doc. 31-2 at 1-3 (blocked messages)].

The Plaintiff filed a Reply in which he admits that he inadvertently violated the Court's Local Rule, but he denies that he violated Rule 37. [Doc. 32; see Doc. 32-1 at 1-2 (Letters to counsel)]. He appears to agree that the Defendant has answered his interrogatories and requests for admissions. [Doc. 32 at 1]. However, he "still respectfully requests that the Defendant is compeled [sic] to provide the Plaintiff copies of all censored electronic pictures the Plaintiff was denied while housed in Alexander Correctional Institution from 2021-2023." [Id. at 1].

Under Rule 37 of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010). The decision to grant or deny a motion to compel is generally an issue within the broad

3

discretion of the trial court. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).

It appears that the Plaintiff has abandoned all of his claims except for his request for the production of "all censored electronic pictures." [See Doc. 32]. The Defendant states that the Plaintiff's "blocked messages" have now been provided in their "original" form. [Doc. 31-1 at 12]. However, the Defendants do not state whether any "censored electronic pictures" exist and, if so, whether they have been produced. The Court will, therefore, grant the Motion to Compel insofar as the Defendant will be directed to produce any "censored electronic pictures" that may exist, in response to the Plaintiff's Request for Production #6, within 14 days. [Doc. 30-1 at 7, #6]. The Motion is denied as moot in all other respects.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Compel Discovery [Doc. 30] is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** to the extent that the Defendant shall produce any "censored electronic pictures" that are responsive to the Plaintiff's Request for Production #6 within **fourteen (14) days**. In all other respects, the Motion is **DENIED**.

**IT IS SO ORDERED.**

Signed: December 19, 2023

Martin Reidinger
Chief United States District Judge